Mary Estill Buchanan Secretary of State 1575 Sherman, 2d Floor Denver, CO 80203
Dear Ms. Buchanan:
This opinion letter is in response to your July 24, 1981 letter, in which you inquired about the definition of a "transmitting utility" found in C.R.S. 1973, 4-9-105(1)(n).
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Whether a cable television corporation is a "transmitting utility" as defined in C.R.S. 1973, 4-9-105(1)(n), as amended?
 My conclusion is "yes." It is my opinion that a cable television corporation is a "person primarily engaged in . . . the electric or electronics communications transmission business . . . " and, therefore, a transmitting utility as defined in section 4-9-105(1)(n).
2. Whether additional steps are required to maintain the effectiveness of a financing statement filed in 1974?
 My conclusion is "yes." It is my opinion that a financing statement filed in 1974 by a cable television corporation would continue in effect without additional precautions only if that financing statement indicates that the debtor is a "transmitting utility."
ANALYSIS
1. In 1977, the Colorado General Assembly enacted amendments to the Colorado Uniform Commercial Code. These changes, which took effect on January 1, 1978, are referred to as the "1978 Amendments." C.R.S. 1973, 4-10-202(2). (Supp. 1980). The code as it existed before these amendments is referred to as the "1966 Code." C.R.S. 1973, 4-10-202(1). (Supp. 1980).
The 1966 code defined a transmitting utility as
 any corporation or business entity primarily engaged, pursuant to the rights or franchises issued by a state or federal regulatory body, in the railroad or street railway business, the telephone or telegraph business, the transmission or distribution of oil, gas, or petroleum products, or the production, transmission, or distribution of electric energy, steam, or water. The words "transmitting utility" also mean any other corporation primarily engaged in the railroad or street railway business, or in the furnishing of telephone or telegraph service, or the production, transmission, or distribution of electricity. . . .
C.R.S. 1973, 4-9-408(1).
The 1978 amendments changed this definition. C.R.S. 1973,4-9-105(1)(n) (Supp. 1980), now defines transmitting utility as
 any person primarily engaged in the railroad, street railway, or trolley bus business, the electric or electronics communications transmission business, the transmission of goods by pipeline, or the transmission of the production and transmission of electricity, steam, gas, or water, or the provision of sewer service.
(Emphasis added.) A cable television corporation would fall within the new definition of a transmitting utility so long as the corporation is primarily engaged in the communications transmission business. I agree with your interpretation of the 1966 code as not including cable television corporations in the old definition of a transmitting utility.
2. The more difficult question concerns the procedures necessary to maintain the effectiveness of a financing statement filed by a cable television corporation prior to the enactment of the 1978 amendments. Because a cable television corporation was not a transmitting utility under the 1966 code, it would have been necessary for the corporation to file continuation statements in order to maintain the effectiveness of a previously filed financing statement had the 1978 amendments not been enacted. C.R.S. 1973, 4-9-403.
The 1966 code provided that a security interest in goods of a transmitting utility once perfected remained perfected without filing continuation statements. C.R.S. 1973, 4-9-408(2). The 1978 amendments provide that a filed financing statement remains effective until a termination statement is filed. C.R.S. 1973,4-9-403(6) (Supp. 1980). However, this section indicates that the financing statement is effective until a termination statement is filed only if the debtor is a transmitting utility and "a filed financing statement so states . . . ."Id.
Your question is whether a financing statement filed in 1974 under the old definition but now covered by the definition of a transmitting utility remains effective without further steps taken by the creditor or whether continuation statements must be filed to maintain the effectiveness of that financing statement.
The rules governing transition from the 1966 code to the 1978 code are contained in C.R.S. 1973, 4-10-201 through 208 (Supp. 1980). The general rule, contained in section 4-10-203, (Supp. 1980) states:
 Transactions validly entered into after June 30, 1966, and before January 1, 1978, and which were subject to the provisions of the 1966 code and which would be subject to the 1978 amendments if they had been entered into after January 1, 1978, and the rights, duties, and interest flowing from such transactions remain valid after the latter date and may be terminated, completed, consummated, or enforced as required or permitted by the 1978 code. Security interest arising out of such transactions which are perfected when the 1978 amendments become effective shall remain perfected until they lapse as provided in the 1978 code and may be continued as permitted by the 1978 code, except as stated in section 4-10-205.
Thus, unless an exception applies, the financing statement in question would remain in effect until a termination statement is filed if the financing statement indicates that the debtor is a transmitting utility.
Exceptions to the general rule are contained in C.R.S. 1973, 4-10-205 (Supp. 1980). These exceptions, however, are geared to changes in the place of filing and, consequently, have no application to this opinion. I have also reviewed C.R.S. 1973, 4-10-204 and 206 (Cum. Supp. 1980) and conclude that those sections do not apply to this situation.
Therefore, the general rule which indicates that a financing statement remains in effect as provided in the 1978 code applies here. A financing statement filed in 1974 which indicates that the debtor is a transmitting utility would remain in effect until a termination statement is filed. Under this interpretation, a financing statement which does not indicate that the debtor is a transmitting utility does not continue in effect indefinitely and a continuation statement must be filed as provided in the 1978 code.
SUMMARY
To briefly summarize my opinion, a cable television corporation is a "transmitting utility" as provided by the 1978 amendments to the Uniform Commercial Code. The general rule with respect to transition from the 1966 code to the 1978 code applies.
Very truly yours,
 J.D. MacFARLANE Attorney General
Uniform Commercial Code
C.R.S. 1973, 4-9-105(1)(n) C.R.S. 1973, 4-10-201
SECRETARY OF STATE DEPT. Corporation, Div. of
A cable television corporation is a transmitting utility under the Uniform Commercial Code.